# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

ADRIAN HAMILTON                                   MOVANT/DEFENDANT

V.                                             CIVIL NO. 3:11-CV-150
                                                CRIMINAL NO. 3:09-CR-2

UNITED STATES OF AMERICA                         RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

This matter is before the Court upon the United States' motion to dismiss petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The magistrate judge has recommended that the motion of the United States be denied without prejudice and that petitioner be appointed counsel pursuant to 18 U.S.C. § 3006A so that an evidentiary hearing may be held to determine the merits of petitioner's claim of ineffective assistance of counsel. The United States has objected to conclusions of law of the magistrate judge. This Court has conducted a *de novo* review of the magistrate judge's report in light of the objections thereto. The Court has determined that the magistrate judge's findings of fact should be adopted; however, the Court rejects the magistrate judge's conclusions of law.

## I. Background

On January 5, 2009, Adrian Hamilton was indicted by a federal grand jury for charges of possession with intent to distribute 50 grams or more of cocaine base, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. Hamilton entered into a written plea agreement pursuant to which he pleaded guilty to counts 1 through 3 of the indictment. The plea agreement contained the following paragraph:

> 11. Defendant is aware of his rights to appeal his conviction and that 18 U.S.C. §
> 3742 affords a defendant the right to appeal the sentence imposed. ~~The Defendant~~

~~knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed.R.App.P. 4(h) and 18 U.S.C. § 3742, and~~ (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including but not limited to, claims of ineffective assistance of counsel. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

Beside the lined-out portion of the second sentence, each of the parties placed his or her initials.

The Court conducted a change of plea hearing on November 18, 2009. Following the hearing, the Court entered an order which accepted Hamilton's guilty plea, and found Hamilton to be competent, that he desired to waive his constitutional rights, and that his plea was entered upon the advice of counsel.

At the sentencing hearing on March 15, 2010, the Court imposed a sentence of 120 months each on counts 1 and 2, and a sentence of 60 months on count 3, all to be served concurrently.[1] Additionally, the Court discussed with counsel on record the status of Hamilton's waiver of his right to appeal or collaterally attack his sentence, initially indicating that Hamilton had waived both rights. The prosecutor then advised the Court that Hamilton had not waived his right to take a direct appeal. Thereafter, the Court advised Hamilton as follows:

| The Court: | "Mr. Hamilton, you waived your right to collaterally attack your sentence, but you did not waive your right to appeal. And if you want to appeal this case, you need to file a notice of appeal within ten days after I enter an order setting your sentence. And if you're unable to pay for an appeal, you can petition the court to waive any filing fee in that regard. I have a document here that explains his appeal rights to him. Anything further on the behalf of United States?" |
|---|---|
| Ms. Lawless: | No sir. Thank you. |
| The Court: | On behalf of the Defendant? |
| Mr. Mascagni: | No, Your Honor. Thank you. |

---

[1] The Presentence Investigation Report found that Hamilton had a total offense level of 34 and a criminal history category of VI. Accordingly, Hamilton's applicable sentencing guideline was 262 – 327 months.

On March 19, 2010, the Court entered a judgment and commitment order that sentenced Hamilton to 120 months imprisonment followed by five years of supervised release. No timely appeal was taken from this judgment. On March 11, 2011, Hamiton filed a motion to vacate his sentence under § 2255, alleging a single claim of ineffective assistance of counsel. Hamilton alleges that he expressly instructed his retained attorney to file a notice of appeal but that his attorney did not do so. In response to Hamilton's § 2255 motion, the government has filed a motion to dismiss. In its motion to dismiss, the government argues that Hamilton expressly waived his right to collaterally attack his sentence. Therefore, the government contends, it should not be required to further address Hamilton's specific arguments.

## II.  Magistrate Judge's Analysis and Recommendations

As the magistrate judge noted, the Court is faced with the question of whether Hamilton's § 2255 motion to vacate may be brought in the first instance given his waiver of his right to collaterally attack his sentence. The magistrate judge concluded that this question cannot be answered without first considering Hamilton's Sixth Amendment claim of ineffective assistance of counsel.

A criminal defendant alleging ineffective assistance of counsel must establish that (1) the performance of his or her counsel was objectively unreasonable, and (2) that as a result, the defendant suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Supreme Court, in *United States v. Flores-Ortega*, held that an attorney who fails to file an appeal on behalf of a client that specifically requests one acts in a *per se* professionally unreasonable manner. 528 U.S. 470, 477 (2000). Further, in such a situation, prejudice is presumed with no further showing from the defendant on the merits of his underlying claims. *Id*.

at 483. This is because the violation of the defendant's right to counsel rendered the appellate proceeding entirely non-existent.

Within the context of *Flores-Ortega*, the magistrate judge then proceeds to examine the circuit split regarding the issue of whether, in cases where a defendant has waived his right to directly appeal and/or collaterally attack his sentence pursuant to a valid plea agreement, § 2255 relief is appropriate when a federal prisoner establishes either that (1) his attorney ignored a direct instruction to file a notice of appeal, or (2) his attorney failed to consult with the prisoner about the advantage and disadvantages of an appeal when it was reasonable to believe that the prisoner desired to file an appeal and a reasonable probability is shown that the prisoner would have appealed. In an unpublished decision, the Sixth Circuit held that the "district court wrongly concluded that Carrion's appeal waiver precluded him from pursuing an appeal. Carrion's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel." *Carrion v. United States*, 107 Fed. Appx. 545, 547 (6th Cir. 2004). The magistrate judge cites *Carrion* as an example of the "majority view," that such a waiver does not preclude a defendant from pursuing relief by appeal despite the terms of the plea agreement.[2]

The magistrate judge does not adopt a position, but instead states that only if the facts in Hamilton's affidavit are true "will the Court be faced with the difficult decision of whether *Carrion* and the majority view of *Flores-Ortega* compels Hamilton to be re-sentenced so that he may take a delayed appeal." The magistrate judge further noted that the government cannot prevail merely based on the existence of the § 2255 waiver in the plea agreement and that a proper evidentiary record must be made before a decision can be rendered. Thus, the magistrate judge recommended that the motion of the United States be denied without prejudice and that

---

[2] Notably, the *Carrion* case did not involve a situation where the defendant waived the right to collaterally attack his or her sentence.

petitioner be appointed counsel pursuant to 18 U.S.C. § 3006A so that an evidentiary hearing

may be held to determine the merits of petitioner's  claim of ineffective assistance of counsel.

## III.  Analysis

The government filed objections to the Magistrate Judge's Report and Recommendation

(DN 89).  In the objections, the government argues that an evidentiary hearing is unnecessary

because Hamilton knowingly and voluntarily waived his right to file the instant § 2255 motion.

The government further argues that an evidentiary hearing on Hamilton's underlying assertions

of ineffectiveness of counsel is unnecessary because Hamilton cannot demonstrate any prejudice

from his counsel's failure to file a direct appeal.  This Court must make a *de novo* determination

of those portions of the Magistrate Judge's Report and Recommendation to which objection is

made.  28 U.S.C. § 636(b)(1).

The Court rejects the magistrate judge's conclusions of law and finds that the "minority

position" is more applicable to the facts at hand.  The courts of appeals cases cited by the

magistrate judge as espousing the majority view either did not involve situations where the

defendant waived his right to collaterally attack his sentence, or if it did deal with such a

situation, the courts failed to address the fact that the defendant waived his right to collaterally

attack his sentence.  For cases where the defendant waived his right to directly appeal but not to

collaterally attack his sentence, *see United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007);

*Watson v. United States*, 493 F.3d 960 (8th Cir. 2007)(Defendant waived right to appeal, but

retained right to collaterally attack sentence based on ineffective assistance of counsel); *United*

*States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d

788 (11th Cir. 2005).  For cases where the defendant waived his right to directly appeal and his

right to collaterally attack his sentence, but the court of appeals did not address the validity of the

defendant's § 2255 waiver, s*ee United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005);

*Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006)(directing the district court to

conduct an evidentiary hearing to determine whether Campusano in fact instructed his attorney

to file an appeal: "If Campusano did give such an instruction, he is to be allowed a direct

appeal."); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (holding that "the rule of

*Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral

review.")

In comparison, the courts of appeals espousing the "minority view"  do address the

validity of the defendant's waiver of his right to collaterally attack his sentence.  As the

magistrate judge notes, the minority position, held by the Third and Seventh Circuits, is that any

such waiver of the right to directly appeal or to collaterally attack is binding so long as the

waiver is (1) knowing and voluntary, and (2) its enforcement would not result in a miscarriage of

justice.  In *United States v. Mabrey*, the defendant waived both his rights to directly appeal and

his rights to collaterally attack his sentence.  536 F.3d 231 (3d Cir. 2008).  The defendant later

filed a motion to vacate his sentence pursuant to § 2255, alleging that his counsel failed to file an

appeal notwithstanding his request that he do so.  The district court denied this motion, and the

defendant appealed.  The Third Circuit granted a certificate of appealability as to the following

issues: (1) whether the defendant's waiver of his right to appeal and collaterally challenge his

sentence was knowing and voluntary and whether that waiver is enforceable; (2) if so, whether

that waiver either bars consideration of the defendant's § 2255 motion or precludes relief on the

merits of his claim of ineffective assistance of counsel; and (3) whether the defendant is entitled

to relief on the claims that he asserts his counsel should have raised on direct appeal.

The Third Circuit first determined that the defendant's waiver of his right to collaterally attack his sentence was knowing and voluntary. *Id*. at 239. Next, the court considered whether the waiver's enforcement would result in a miscarriage of justice. *Id*. The defendant argued that, under *Flores-Ortega*, a presumption of prejudice applies where counsel fails to file a requested appeal even if the defendant has waived his appeal rights and that this required the court to remand for an evidentiary hearing even in the face of a waiver of collateral review. The Third Circuit discussed the confusion in the courts of appeals regarding this issue, but noted that the courts never discuss the fact that the defendant waived his habeas rights. *Id*. at 240. Specifically, the Second Circuit in *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), "did not evaluate the validity of the habeas waiver, but instead skipped immediately to the merits of the argument raised in the § 2255 motion, namely whether trial counsel was ineffective in failing to file a direct appeal." *Id*. "Instead of scrutinizing the waiver, these courts have focused on the importance of appeal rights as set forth in *Flores-Ortega* – a non-waiver case – and in reliance thereon permitted appeals explicitly barred by waiver." *Id*.

The Third Circuit concluded that "the other courts of appeals that have considered this issue have applied *Flores-Ortega* to a situation in which it simply does not 'fit.' " *Id.* at 241.

> While a defendant may be entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed to be prejudicial under *Flores-Ortega,* if that same defendant has effectively waived his right to habeas, he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice. Mabry, and proponents of the reasoning in *Campusano,* would somehow disregard or limit the effect of the waiver based upon the Supreme Court's view of the importance of the right to appeal and the impact of its loss by virtue of counsel's failure to act. But, as we noted above, both we and the Supreme Court have upheld the validity of *waivers* of rights to appeal. Surely, the right to appeal that has been waived stands on a different footing from a preserved right to appeal, both conceptually and in relation to counsel's duty to his client with respect thereto. This distinction has been ignored by those courts of appeals adhering to *Campusano*'s analysis.

Accordingly, we reject the approach taken in the *Campusano* line of cases as not well-reasoned. Our reading of the cases indicates that they disregard the precise issue before them, and us: namely, the validity of the waiver. They seem to hold that waivers of collateral attack are automatically invalid because the non-waiver cases say that an attorney acts unreasonably and prejudice is presumed if he fails to file an appeal upon request. They do not resolve the threshold issue of whether the waiver of collateral review rights should preclude a petitioner from asserting a *Flores-Ortega* claim for a reinstated appeal in the first place. Often, they fail to address, let alone explain, that there even is a waiver of collateral attack. *See, e.g., Garrett,* 402 F.3d at 1266 (analyzing the issue as if only an appellate waiver existed and dismissing the total collateral attack waiver in a footnote because "the plain language of the waiver does not address the type of claim he has raised," seemingly imposing a requirement of heightened particularity in waivers of collateral proceedings).

We, therefore, will part ways with the approach taken by the majority of courts of appeals. Although vacated on other grounds, the *Nunez* opinion of the Court of Appeals for the Seventh Circuit presents the proper focus, namely giving effect to the waiver. We will consider the validity of the collateral waiver as a threshold issue and employ an analysis consistent with other waiver cases. Having already determined that Mabry's waiver was knowing and voluntary, we now turn to an examination of whether enforcing the waiver here would work a miscarriage of justice.

*Id*. at 241-42.

The Third Circuit went on to find that, because the defendant waived his right to directly appeal his sentence, enforcement of his § 2255 waiver would not be a miscarriage of justice. *Id*. at 243.

Importantly, in *Carrion*, the Sixth Circuit was not faced with a defendant who waived his right to collaterally attack his sentence. Here, the issuing facing the Court is not whether Hamilton may succeed on his claim of ineffective counsel despite a waiver of his right to directly appeal. Hamilton preserved his right to directly appeal his sentence. Instead, the issue facing this Court is whether Hamilton can even bring his claim of ineffective assistance of counsel under § 2255 in light of his waiver of the right to collaterally attack his sentence. As Hamilton correctly notes in his response to the government's motion to dismiss, "[t]his Circuit is devoid of any authority which presents a scenario such as the facts in the instant matter, whereby a

Petitioner expressly preserves his right to a direct appeal . . . , waiving his right to file an ineffective assistance of counsel claim, only to realize that his attorney never filed a notice of appeal resulting in his counsel being ineffective." DN 83 at 4.

In *Davila v. United States*, the defendant waived his right to appeal his sentence on any ground, and agreed not to contest his sentence in any post-conviction proceeding under 28 U.S.C. § 2255. 258 F.3d 448, 452 (6th Cir. 2001). By pleading guilty pursuant to the plea agreement, the defendant effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. *Id*. at 451. The Sixth Circuit held that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Id*. at 451. Because the Court concluded that the defendant effectively waived his right to bring a § 2255 petition when he entered in the plea agreement in consideration for a reduced sentence, it was not necessary to proceed to the merits of the defendant's claim of ineffective assistance of counsel. *Id*. at 452-53. Likewise, Hamilton waived his right to bring a § 2255 motion when he entered into his plea agreement.

For these reasons, and because nothing in *Flores-Ortega* would render Hamilton's waiver unenforceable, the Court finds that the *Mabrey* line of cases is a better "fit" to the facts presented in this case. Having so determined, the Court will proceed to first resolve the threshold issue of whether the waiver of collateral review rights should preclude Hamilton from asserting a *Flores-Ortega* claim for a reinstated appeal.

## IV. Enforceability of Hamilton's § 2255 Waiver

It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both

knowing and voluntary. *See United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008). Here, paragraph 11 of the plea agreement states that Hamilton expressly waived his right to collaterally attack his sentence, including an attack based on claims of ineffective assistance of counsel. A waiver ordinarily will be held to be knowing, intelligent and voluntary if a criminal defendant fully understands the nature of the rights to be surrendered and how such a waiver would generally apply, even though he or she may not know all of the specific consequences that flow therefrom. *United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). To determine whether a waiver is knowing and voluntary, the Court will look to the totality of the circumstances surrounding such waiver. *Berry v. Mindzes,* 726 F.2d 1142, 1149 (6th Cir.1984).

Hamilton conceded, and the Court agrees, that his waiver of his right to collaterally attack his sentence was knowing and voluntary. DN 83 at 5 ("In the instant matter, the Petitioner does concede that he executed a waiver of his right to file a § 2255 and that right was waived in a voluntary and intelligent manner."). Here, the plea agreement stated that Hamilton waived his right "to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including but not limited to, claims of ineffective assistance of counsel." By signing the written plea agreement Hamilton attested to knowingly, intelligently, and voluntarily agreeing to all of its terms, including his waiver of the right to collaterally attack his sentence.[3] Although Hamilton may not have known the specific consequences that have resulted from such the waiver, at the time he waived his rights, he did so knowingly, intelligently, and voluntarily.

---

[3] Hamilton notes that he expressly retained his waive his right to a direct appeal because he was anticipating passage of the Fair Sentencing Act. Hamilton states that, during plea agreement negotiations, his counsel indicated that if the bill did become law while he was still in the direct appeal stage of his case, then he would be eligible for a sentence reduction whether or not the law's application was made retroactive. DN 83 at 2.

The Court next must determine if Hamilton's claims of ineffective assistance of counsel fall within the scope of his knowing and voluntary waiver of his right to collaterally attack his conviction and sentence. The Sixth Circuit has recognized that a § 2255 waiver does not bar challenges which go to the validity of the guilty plea itself, such as claims that a guilty plea or waiver was not knowing or voluntary, or was the product of ineffective assistance of counsel. *See In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007). In explicitly listing these examples, the Court did not intend to suggest that they constitute an exclusive list. *Id.* Hamilton asserts that his voluntary and intelligent waiver was predicated on the fact that he relied upon counsel to file a notice of appeal or otherwise to perfect his appeal. However, because ineffective assistance of counsel which occurs after the plea cannot retroactively make the plea invalid, none of Hamilton's claims directly attack the validity of the plea agreement.

Hamilton urges that Court to disregard his § 2255 waiver because its enforcement would result in a miscarriage of justice. However, unlike other courts of appeals, the Sixth Circuit has not yet adopted an exception to the enforcement of appellate waivers in plea agreements where to do so would be a miscarriage of justice. *See United States v. Bafna*, 424 Fed. Appx. 528 (6th Cir. 2011) ("But Bafna says we should broaden our exception to enforcement of appellate waivers, to include cases where the sentence amounts to a miscarriage of justice. The First Circuit follows this approach. *See United States v. Teeter,* 257 F.3d 14, 25 (1st Cir.2001). This case does not present the question whether to adopt that approach, because there was no miscarriage of justice here."). For example, the Third Circuit has held that enforcement of a § 2255 waiver where constitutionally deficient lawyering prevented the defendant from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice. *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007). There, the court found the waiver

unenforceable and proceeded to the merits of the defendant's claim of ineffective assistance of counsel based on counsel's failure to timely appeal. Finding it unnecessary to remand for a factual finding, the court vacated the defendant's sentence and remanded it to the district court with instructions to re-enter it, thus giving the defendant the opportunity to appeal it on the grounds allowed by the plea agreement. *Id*. at 303.

Unfortunately for Hamilton, the Sixth Circuit has limited its exception to the enforceability of collateral attack waivers to claims challenging the validity of the guilty plea itself. As Hamilton's claim of ineffective assistance of counsel for failing to file a direct appeal does not attack the validity of the guilty plea or the waiver, the Court must conclude that his collateral attack waiver is enforceable. Therefore, Hamilton is not entitled to the relief he seeks.

## V.   Certificate of Appealability

In the event Hamilton wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(b); Fed. R.App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2255 Proceedings.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

Although this Court believes that it correctly invoked Hamilton's § 2255 waiver in order to grant the government's motion to dismiss, it finds such a result to be troublesome in this case, where a defendant was effectively denied his right to directly appeal his conviction and sentence. Because the Sixth Circuit has not yet addressed this direct issue, and other circuits have found such a waiver to be unenforceable, the Court finds that jurists of reason could find its procedural ruling to be debatable. Thus, Hamilton is entitled to a COA.

## VI. Conclusion

Because Hamilton knowingly and voluntarily waived his right to collaterally attack his conviction or sentence pursuant to a § 2255 motion, Hamilton is entitled to no relief and an evidentiary hearing is unnecessary. The Court, having conducted a *de novo* review, HEREBY ORDERS:

1. that the Magistrate Judge's Report and Recommendation (DN 85) is REJECTED.;

2. that the government's motion to dismiss is GRANTED;

3. that Hamilton's motion pursuant to § 2255 is DISMISSED; and

4. that a certificate of appealability shall issue.

The Court will enter an Order consistent with this Memorandum Opinion.